UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| MADISON CAPITAL COMPANY, LLC, ) | |
| ) | |
| Plaintiff/Counterclaim ) | Civil Action No. 07-27-ART |
| Defendant, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION AND** |
| TIMOTHY P. SMITH, ) | **ORDER** |
| ) | |
| Defendant/Counterclaim ) | |
| Plaintiff/Third-Party Plaintiff, ) | |
| ) | |
| & ) | |
| ) | |
| AMERICAN MINING & ) | |
| MANUFACTURING CORPORATION; ) | |
| AMERICAN MINING, WEST LLC; ) | |
| AMERICAN ENGINEERING & ) | |
| CONSTRUCTION CORPORATION; and ) | |
| UNITED STATES COAL ) | |
| CORPORATION, ) | |
| ) | |
| Intervening Counterclaim Plaintiffs/ ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| AMERICAN MINING & ) | |
| MANUFACTURING and MADISON ) | |
| CAPITAL COMPANY, LLC, ) | |
| ) | |
| Third-Party Defendants. | |

\*\*\* \*\*\* \*\*\* \*\*\*

In light of Defendant/Counterclaim Plaintiff/Third-Party Plaintiff Timothy P. Smith's recent bankruptcy petition, Third-Party Defendant American Mining & Manufacturing, LLC, and Plaintiff/Counterclaim Defendant Madison Capital, LLC, have jointly filed a motion seeking a

determination that the automatic stay provision of the Bankruptcy Code requires this Court to stay all pending claims, suspend all deadlines, and continue the trial that is currently scheduled to begin on June 2, 2009. R. 282. The argument presented in this motion is correct to the extent that the automatic stay provision applies to all claims against Smith. Therefore, those claims will be stayed. However, the automatic stay provision does not apply to Smith's counterclaims against Madison Capital. Therefore, in the absence of any compelling reason why Smith's counterclaims should be tried together with the remaining claims against him, the Court declines to stay Smith's counterclaims.

The automatic stay provision, 11 U.S.C. § 362(a), states in relevant part that the filing of a bankruptcy petition operates as a stay of "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement [of the bankruptcy case] . . . ." Thus, according to the plain language of the statute, the filing of a bankruptcy petition only initiates a stay with respect to actions or proceedings *against* a debtor, not actions or proceedings pursued by a debtor against another party. Since the remaining claims against Smith are clearly actions or proceedings against a debtor, they are covered by the automatic stay. Smith's counterclaims against Madison Capital, on the other hand, are not covered by the automatic stay because it is well established that a counterclaim brought by a debtor is not an action or proceeding against the debtor. *See, e.g., Matter of U.S. Abatement Corp.*, 39 F.3d 563, 568 (5th Cir. 1994); *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204-05 (3d Cir. 1991); *Merchants & Farmers Bank of Dumas, Ark. v. Hill*, 122 B.R. 539, 541-42 (E.D. Ark. 1990); *In re Regal Const. Co., Inc.*, 28 B.R. 413, 416 (Bkrtcy. Md. 1983). In the words of the Third Circuit:

> All proceedings in a single case are not lumped together for purposes of automatic stay analysis. Even if the first claim filed in a case was originally brought against the debtor, section 362 does not necessarily stay all other claims in the case. Within a single case, some actions may be stayed, others not. Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, crossclaims, and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay.
>
> Thus, within one case, actions *against* a debtor will be suspended even though closely related claims asserted *by* the debtor may continue. Judicial proceedings resting on counterclaims and third-party claims asserted by a defendant-debtor are not stayed, while same-case proceedings arising out of claims asserted by the plaintiff are stayed.

*Maritime Elec. Co., Inc.*, 959 F.2d at 1204-05 (citations omitted). Therefore, although the automatic stay provision requires that the claims against Smith be stayed, it does not require Smith's counterclaims to be stayed as well.

Nevertheless, Madison Capital and American Mining & Manufacturing argue that *Cathey v. Johns-Manville Sales Corp.*, 711 F.2d 60, 62 (6th Cir. 1983), mandates the opposite conclusion. They point out that *Cathey* held that the determination of whether a proceeding is against the debtor "must be ascertained from an examination of the debtor's status at the *initial* proceeding." *Id.* Based on that holding, Madison Capital and American Mining & Manufacturing argue that the entire case—including Smith's counterclaims against Madison Capital—must be considered an action or proceeding against the debtor since Smith was solely in the position of a defendant at the time this case was initiated. This argument, however, misinterprets *Cathey* and takes its holding out of context. *Cathey* involved a situation where a defendant appealed a judgment against it, and then filed a bankruptcy petition while the appeal was pending. *See id.* at 61. The debtor/defendant then filed a motion seeking to stay the appellate proceedings pursuant to the automatic stay provision. *See id.* The appellees—who were the plaintiffs in the trial court—argued against a stay. They

3

essentially maintained that the appeal was not an action or proceeding against the debtor because the debtor—as the appellant—was technically the aggressor on appeal while the appellees were technically in a defensive position. *See id.* The Sixth Circuit rejected this argument, finding that the determination of whether the automatic stay applies "should not change depending on the particular stage of the litigation at which the filing of the petition in bankruptcy occurs. *Id.* (quoting *Ass'n of St. Croix Condominium Owners v. St. Croix Hotel*, 682 F.3d 446, 449 (3d Cir. 1982)). Properly understood, the holding of *Cathey* only stands for the proposition that an action against the debtor does not lose its characterization as an action against the debtor simply because the debtor has appealed the final judgment. *Cathey* is thus distinguishable from the case at hand, where the issue is whether a debtor's counterclaim against another party constitutes an action or proceeding against the debtor. As a result, the holding in *Cathey* has no bearing on this case.

Madison Capital and American Mining & Manufacturing also argue in the alternative that the entire case must be stayed because it would be unfair and prejudicial to try Smith's counterclaims separately from the remaining claims against Smith. The movants, however, have not demonstrated that separate trials would cause them any prejudice. Smith's counterclaims and the claims against him are entirely distinct. Smith's counterclaims are based on allegations that Madison Capital fraudulently induced Smith into turning over the assets of his companies to American Mining & Manufacturing, which was controlled by Madison Capital. The claims against Smith, however, are based on allegations that he engaged in untoward conduct while serving as the chief executive officer of American Mining & Manufacturing, and that he intentionally interfered with American Mining & Manufacturing's prospective contractual relations after he was terminated as its chief executive officer. *See* R. 21 at 12-17. While the counterclaims and the claims against Smith all arise out of

the same narrative, Madison Capital and American Mining & Manufacturing have failed to demonstrate that these two sets of claims share any common questions of law or fact. As a result, there does not appear to be any prudential reason to stay Smith's counterclaims.

Finally, in their reply brief, Madison Capital and American Mining & Manufacturing contend that the Seventh Amendment to the United States Constitution requires that Smith's counterclaims be stayed. Quoting *Bacon v. Honda*, 205 F.R.D. 466, 488 (S.D. Ohio 2001), they assert that the Seventh Amendment "permits bifurcation of issues to separate juries only when those issues are so distinct and separate that the second jury will not be called upon to consider findings of fact by the first." Therefore, according to the movants, Smith's counterclaims must be tried together with the claims against him because all of these claims are so inextricably interwoven that separate trials cannot be held without the second jury considering the findings of fact made by the first. As an initial matter, this argument is not properly before the Court because it was raised for the first time in a reply brief. *See Hunt v. Big Lots Stores, Inc.*, 244 F.R.D. 394, 397 (N.D. Ohio 2007); *see also Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546 (6th Cir. 2008) ("While we have never articulated precisely what constitutes raising an issue with the district court, we have found issues to be waived when they are raised for the first time in motions requesting reconsideration or in replies to responses."). However, even if this argument were properly before the Court, it would be rejected. Smith's counterclaims and the claims against him are based on distinctly different allegations, and Madison Capital and American Mining & Manufacturing have not identified any specific questions of fact that are common to both sets of claims. Therefore, there is no danger that separate trials will result in one jury's factual findings being considered by another jury.

For the foregoing reasons, it is hereby **ORDERED** that the motion seeking a determination

that the automatic stay applies to all pending claims, R. 282, is **DENIED**. It is further **ORDERED** as follows:

(1) All pending claims in this matter against Timothy P. Smith shall be **STAYED** pending the completion of his bankruptcy proceedings or the lifting of the automatic stay;

(2) Timothy P. Smith's counterclaims against Madison Capital shall **PROCEED** to trial as currently scheduled;

(3) The deadline for pretrial filings is **SUSPENDED**;

(4) A telephonic conference among counsel and the undersigned is scheduled for **Monday, May 4, 2009** at the hour of **10:00 a.m.**;

(5) The undersigned's chambers shall initiate the conference call, and lead counsel for each party shall be prepared to propose dates for a new pretrial filing deadline;

(6) A court reporter is needed to transcribe the proceedings and shall be provided by the Court.

This the 27th day of April, 2009.

Signed By:
*Amul R. Thapar* AT
United States District Judge